UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
MICHELLE RAINBOTH-VENDITTI                          :
    On behalf of herself                         :
    and all others similarly situated,           :
                                                    :
                              *Plaintiff*,          :     Civil Action No. 6:16-CV-0137
                                                    :     (MAD/ATB)
    v.                                           :
                                                    :
NATIONAL RETAIL SOLUTIONS, INC.,                    :
                                                    :
                                                    :
                              *Defendant*.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION


GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
Tel: 518.689.1400
neidlc@gtlaw.com

*Attorneys for Defendant*
*National Retail Solutions, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................... 1

RELEVANT BACKGROUND ........................................................................................ 2

      A.      The Parties ..................................................................................... 2

      B.      Brief Procedural History ................................................................ 3

      C.      Allegations in Support of Plaintiff's Motion .............................. 4

ARGUMENT ................................................................................................................... 6

I.     PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE, UNDER SECOND
      CIRCUIT LAW, HER CONCLUSORY ALLEGATIONS ARE INSUFFICIENT
      TO STATE A PLAUSIBLE FLSA CLAIM ............................................... 6

      A.      Plaintiff's Motion Should Be Denied Because Plaintiff's Allegations
            Fail to State a Plausible FLSA Overtime Claim ......................... 7

      B.      Plaintiff's Motion Should Be Denied Because Plaintiff's Allegations
            Fail to State a Plausible FLSA Minimum Wage Claim ........................ 8

II.    PLAINTIFF HAS NOT MET HER BURDEN OF SHOWING THAT
      SHE AND OTHER NRS EMPLOYEES ARE SIMILARLY SITUATED ..................... 10

      A.      Applicable Legal Standard ............................................................ 10

      B.      Under Second Circuit Law, Plaintiff's Unsupported Assertions Are
            Insufficient .................................................................................... 11

III.   IN THE EVENT THE COURT AUTHORIZES NOTICE, THE COURT
      SHOULD REJECT PLAINTIFF'S "CLASS NOTICE" .................................. 16

IV.   PLAINTIFF'S OTHER REQUESTS FOR RELIEF SHOULD BE DENIED ................ 19

CONCLUSION ................................................................................................................ 21

## **TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................................18

*Balderramo v. Go N.Y. Tours Inc.*,
    1:15-cv-02326, 2017 WL 2819863 (S.D.N.Y. Jun. 28, 2017)...............................13

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................7, 18

*Boice v. M+W U.S., Inc.*,
    130 F. Supp. 3d 677 (N.D.N.Y. 2015).................................................10, 12, 15, 16

*Boice v. M+W U.S., Inc.*,
    1:14-cv-0505 (GTS/CFH), 2016 U.S. Dist. LEXIS 122408 (N.D.N.Y. Sep. 7, 2016),
    *adopted by*, 2016 WL 5390337 (N.D.N.Y. Sep. 27, 2016) ....................................17

*Colozzi v. St. Joseph's Hosp. Health Ctr.*,
    595 F. Supp. 2d 200 (N.D.N.Y. 2009)............................................................10, 17

*Dejesus v. HF Mgmt. Servs., LLC*,
    726 F.3d 85 (2d Cir. 2013)...................................................................................7

*Fernandez v. Wells Fargo Bank, N.A.*,
    1:12-cv-07193, 2013 WL 4540521 (S.D.N.Y. Aug. 28, 2013) .............................14

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
    282 F. Supp. 2d 101 (S.D.N.Y. 2003)...................................................................6

*Glatt v. Fox Searchlight Pictures, Inc.*,
    811 F.3d 528 (2d Cir. 2015)................................................................................10

*Gregory v. Stewart's Shops Corp.*,
    7:14-cv-00033 (TJM/ATB), 2015 WL 893058 (N.D.N.Y. Mar. 2, 2015) ................8

*Gu v. T.C. Chikurin, Inc.*,
    1:13-cv-2322, 2014 WL 1515877 (E.D.N.Y. Apr. 17, 2014)................................15

*Holland v. Florida*,
    560 U.S. 631 (2010).............................................................................................19

*Hypolite v. Health Care Services of N.Y. Inc.*,
    1:16-cv-04922, 2017 WL 2712947 (S.D.N.Y. Jun. 23, 2017)...............................13

*Iavorski v. United States I.N.S.*,
    232 F.3d 124 (2d Cir. 2000).................................................................................19

*Lundy v. Catholic Health System of Long Island, Inc.*
    711 F.3d 106 (2d Cir. 2013)..........................................................................7, 8, 18

*McGlone v. Contract Callers, Inc.*,
    867 F. Supp. 2d 438 (S.D.N.Y. 2012)............................................................14, 18

*Menominee Indian Tribe of Wisconsin v. United States*,
   136 S.Ct. 750 (2016) ...................................................................................................19

*Morales v. Plantworks, Inc.*,
   1:05-cv-02349, 2006 WL 278154 (S.D.N.Y. Feb. 1, 2006) ...................................11

*Mumin v. Uber Techs., Inc.*,
   1:15-cv-06143, 2017 WL 934703 (E.D.N.Y. 2017) ................................................9

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010)...................................................................2, 10, 11, 17

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
   723 F.3d 192 (2d Cir. 2013)......................................................................................7

*Zhang v. Bally Produce, Inc.*,
   1:12-cv-1045, 2013 WL 1729274 (E.D.N.Y. Apr. 22, 2013) .................................15

*Sanchez v. JMP Ventures, L.L.C.*,
   1:13-cv-07264, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014)......................14, 15, 16

*Sharma v. Burberry Ltd.*,
   52 F. Supp. 3d 443, 459 (E.D.N.Y. 2014) ............................................................11

*Trinidad v. Pret A Manger (USA) Ltd.*,
   962 F. Supp. 2d 545 (S.D.N.Y. 2013).................................................................6, 17

*Vasquez v. Vitamin Shoppe Indus. Inc.*,
   1:10-cv-8820, 2011 WL 2693712 (S.D.N.Y. July 11, 2011) ................................14

*Zheng v. Good Fortune Supermarket Group (USA), Inc.*,
   1:13-cv-00060, 2013 WL 5132023 (E.D.N.Y. Sept. 12, 2013)..............................14

## Laws and Regulations

29 U.S.C. § 207(a) .............................................................................................................7

29 U.S.C. § 216(b) .................................................................................................1, 4, 20

Fed. R. Civ. P. 8(a)(2)........................................................................................................6

Fed. R. Civ. P. 23 .............................................................................................................16

Defendant National Retail Solutions, Inc. ("NRS"), by and through its attorneys, Greenberg Traurig, LLP, respectfully submits this memorandum of law in opposition to Plaintiff's motion for an order seeking conditional certification of a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

## PRELIMINARY STATEMENT

Plaintiff's motion should be denied. Plaintiff seeks authorization to send notice of a collective action to hundreds of NRS's current and former merchandisers nationwide. However, the standards for stating a plausible FLSA violation and for obtaining conditional certification of a collective action in this Circuit are well-settled. Plaintiff's allegations, which consist of vague, conclusory, and unsupported assertions, fail to meet either of these standards.

As a threshold matter, Plaintiff has failed even to allege sufficient facts to state a minimum wage or overtime claim under established Second Circuit law. In order to state a minimum wage claim, Plaintiff was required to allege her regular work schedule, the amount of off-the-clock work performed, and the amount of unreimbursed expenses for any given week. In her Complaint and declaration, Plaintiff merely alleges that she was paid $14 a week, performed certain "administrative tasks" off-the-clock, and was under-reimbursed for expenses. Such allegations fail to provide the information necessary to determine whether Plaintiff has stated a plausible minimum wage violation. Similarly, to state an overtime claim, Plaintiff was required to allege more than forty hours of work in a <u>given</u> workweek for which she was not compensated. Plaintiff merely alleges that, due to her off-the-clock work, she "regularly" worked more than forty hours a week. The Second Circuit has made clear that such allegations are insufficient to state an overtime claim. This Court should not conditionally certify a collective action where the Named Plaintiff has failed to allege sufficient facts to state a plausible claim under the FLSA.

1

To succeed on the instant motion, Plaintiff was required to make a modest factual showing that she and other NRS employees were victims of a uniform policy or practice that violated the FLSA.  While this burden is low, it is not nonexistent.  At best, Plaintiff merely alleges that, "to the best of [her] knowledge," all other merchandisers had similar experiences to her own.  But Plaintiff does not disclose the basis for her purported "knowledge," and her knowledge of such matters cannot be reasonably inferred.  Plaintiff does not allege how any of NRS's purported "policies, procedures, and/or practices" were communicated to her or enforced, nor does she allege that she had conversations with any other employees regarding NRS's "policies, procedures, and/or practices," or any required off-the-clock work or under-reimbursed expenses.  Plaintiff's motion is supported by nothing more than sheer speculation, and should be denied in its entirety.

## RELEVANT BACKGROUND[1]

### A.    The Parties

NRS is a "'full-service provider with a national footprint, providing merchandising services for large retail customers and manufacturers.'"  (Pl's Compl. ¶ 22 (quoting NRS website).)  Among other things, NRS employs "hundreds" of merchandisers "across the United States."  (*Id*. ¶¶ 4, 23.)  Each NRS merchandiser is assigned to multiple retail stores within a specific geographic area, where that merchandiser is responsible for, among other things, ensuring that specific merchandise is properly displayed, maintaining or setting-up displays, and collecting information regarding products.  (*Id.* ¶¶ 23-24.)   NRS was formed and began

---

[1]  While NRS disputes Plaintiff's allegations, it recognizes that at this stage, the Court will consider only Plaintiff's submissions, and will not resolve factual disputes or credibility issues.  Accordingly, NRS does not challenge Plaintiff's <u>well-plead</u> factual allegations.  However, neither NRS nor the Court need consider Plaintiff's "conclusory assertions."  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

operations in or about May, 2013, and in or about July, 2016, sold its business and assets to an unrelated entity.  NRS has not employed any merchandisers since about August, 2016.

Named Plaintiff Michelle Rainboth-Venditti is a New York resident who worked as merchandiser for NRS from December 2013 through July 20, 2015, during which time she was paid $14 an hour.  (Compl. ¶ 25.)

**B.    Brief Procedural History**

On February 5, 2016, Plaintiff, individually and purportedly on behalf of all others similarly situated, filed her Class Action Complaint with Jury Demand ("Complaint").  (Dkt. No. 1.)  At Plaintiff's request, the Clerk of the Court entered default on April 12, 2016.  (Dkt. Nos. 9, 10.)  NRS filed a motion to set aside the default on May 5, 2016.  (Dkt. No. 12.)  Plaintiff opposed the motion and cross-moved for sanctions.  (Dkt. No. 16.)  While the motions were pending, on November 18, 2016, Plaintiff filed a motion for conditional certification of a collective action.  (Dkt. Nos. 19-20.)  NRS requested that the Court deny without prejudice to renew or hold in abeyance Plaintiff's motion for conditional certification until the motion to set aside default had been decided.  (Dkt. No. 22.)  The Court granted NRS's request, and denied Plaintiff's motion without prejudice to renew.  (Dkt. No. 23.)

The Court held an evidentiary hearing on NRS's motion to set aside default and Plaintiff's cross-motion for sanctions on March 16, 2017.  (Dkt. No. 39.)  The Court issued a ruling from the bench granting NRS's motion to vacate the default, denying Plaintiff's cross-motion for sanctions, and directing Plaintiff to refile the Complaint.  (*Id.*)  Plaintiff refiled the Complaint nine days later, on March 25, 2017, (Dkt. No. 40), and NRS filed its answer on April 10, 2017 (Dkt. No. 42.)  On May 15, 2017, United States Magistrate Judge Andrew T. Baxter held a telephonic Rule 16 conference and issued a scheduling order.  (Dkt. No. 48.)

Plaintiff filed the instant motion, styled "Plaintiffs' Second Motion for Conditional Class Certification of Class Claims Under § 216(B) of the FLSA," on June 21, 2017.  (Dkt. No. 21.)[2]

## C.   Allegations in Support of Plaintiff's Motion

In her Complaint, Plaintiff asserts that NRS violated the minimum wage and overtime mandates of the FLSA and the New York Labor Laws ("NYLL").  Specifically, Plaintiff alleges that NRS's "policies, practices and/or procedures" required her to perform certain off-the-clock "administrative tasks" at home before beginning work and to clock-out while waiting for her manager to approve her work (Compl. ¶¶ 31, 34), and that she was not paid for "drive time" (*id.* ¶ 35).  Plaintiff claims that as a result, she "regularly" worked over forty hours per week.  (*Id.* ¶ 40.)  Plaintiff further alleges that NRS failed adequately to reimburse her for work-related expenses, and that the combination of under-reimbursements and off-the-clock work resulted in her receiving "less than the federal minimum wage in some or all workweeks." (*Id.* ¶ 68.)

Notably lacking from the Complaint are any allegations regarding Plaintiff's normal work schedule, the number of off-the-clock hours she allegedly worked in any given week, or the amount or value of under-reimbursed expenses.  The Complaint also fails to explain how NRS's purported "policies, procedures, and/or practices" were communicated to her or enforced. Plaintiff does not allege that she spoke to anyone about her off-the-clock work or under-reimbursed expenses, including any co-workers, managers or officers of NRS.

The Complaint further alleges that, "[b]ased on information and belief, all of NRS's Merchandisers had experiences similar to those of Plaintiff."  (*Id.* ¶ 41.)  However, the

---

[2]  Although Plaintiff emphatically claims that her motion "is **not** one a motion for class certification," (Pl's Mem. at 8), she repeatedly refers to a proposed "class" and even seeks appointment of "class representatives" and "class counsel."  (*See, e.g.,* Motion, Dkt. No. 21, at 1.)  As Plaintiff notes, there are a number of significant differences between class actions and collective actions, and therefore the indiscriminate use of the terms "class" and "collective" is confusing at best.

Complaint does not explain the basis for this belief, nor does it identify any other merchandisers with similar experiences or allege that Plaintiff spoke to or interacted with other merchandisers.

In support of her motion, Plaintiff submitted her own declaration and that of Randi Dayberry, one of seven opt-in plaintiffs and a former NRS Merchandiser who allegedly worked for NRS from January 5, 2015 through August 7, 2015, and from May 5, 2016 through August 3, 2016.   The declarations are remarkably similar, describing the declarants' individualized experiences at NRS, including their work histories, hourly wages, and job duties.  (*See* Rainboth-Venditti Decl. ¶¶ 2-3, 6, 7; Dayberry Decl. ¶¶ 2-3, 6, 7.)   Both provide only generalized assertions concerning the experiences of other merchandisers, unsupported by any factual detail. (*See* Rainboth-Venditti Decl., ¶¶ 9, 10, 12, 22, 23; Dayberry Decl., ¶¶ 9, 10, 12, 22, 23).  Both declarations lack any specific allegations concerning their normal work schedule, the number of off-the-clock hours allegedly worked, or the amount or value of under-reimbursed expenses. The declarants also fail to explain how NRS's purported "policies, procedures, and/or practices" were communicated or enforced, nor do they allege that they spoke to even a single NRS officer, manager or employee about such "policies, procedures, and/or practices," any off-the-clock work, or under-reimbursed expenses.

Other than Plaintiff and Dayberry, none of the other six opt-in plaintiffs submitted declarations in support of the motion.  The opt-in plaintiffs' Consents to Join do not allege that they were not paid minimum wage, straight time, or overtime pay, or that they were subject to the "policies, procedures and/or practices" alleged in the Complaint.  (Dkt. Nos. 21, 24-28.)

## ARGUMENT

I. **PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE, UNDER SECOND CIRCUIT LAW, HER CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO STATE EVEN A PLAUSIBLE FLSA CLAIM**

There can be no reasonable dispute that the allegations set forth in the Complaint and the Rainboth-Venditti and Dayberry declarations fail to state a plausible claim for violation of the FLSA. Although a court need not delve into the merits of an FLSA claim to determine whether similarly situated plaintiffs exist for purposes of conditional certification, it would not "promote efficient case management to facilitate notice to potential class members where the representative plaintiffs have failed to state plausible FLSA violations." *Trinidad v. Pret A Manger Ltd.*, 962 F. Supp. 2d 545, 556 (S.D.N.Y. 2013). In other words, because the sending of notice to potential opt-in collective members is premised on the need for efficient case management, a district court should first evaluate the sufficiency of plaintiff's pleadings when faced with a motion for conditional certification of claims under the FLSA. *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003) ("*Once the Plaintiff makes a colorable claim for relief*, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff." (emphasis added)). Indeed, "it makes little sense to certify a collective action based on manifestly deficient pleadings, *i.e.*, ones insufficient to make out a violation of the FLSA." *Trinidad*, 962 F. Supp. 2d at 556.

Even a cursory review of the Complaint and Plaintiff's declarations reveals that Plaintiff's minimum wage and overtime claims are supported only by conclusory, unsupported assertions. Such allegations do not show that Plaintiff "is entitled to relief" as required by FRCP 8(a)(2), and are insufficient to state a plausible claim for relief.

### A.    Plaintiff's Motion Should Be Denied Because her Allegations Fail to State a Plausible FLSA Overtime Claim

The FLSA mandates that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for overtime work, *i.e.*, hours worked in excess of forty per week.  29 U.S.C. § 207(a).  As the Second Circuit has explained, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a *given* workweek as well as some uncompensated time in excess of the 40 hours."  *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (emphasis added); *accord Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88-89 (2d Cir. 2013) (same); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (same).

In clarifying the standard articulated in *Lundy*, the Second Circuit has explained that an FLSA overtime plaintiff must provide "sufficient detail about the length and frequency" of unpaid work in order to support "a reasonable inference" that he or she "worked more than forty hours in a given week."  *Nakahata*, 723 F.3d at 201.  Although it is not necessary to estimate the number of actual hours a plaintiff worked in "some or all workweeks," "some factual context" concerning overtime in a particular week is necessary in order to "nudge [an FLSA plaintiff's] claim 'from conceivable to plausible.'"  *DeJesus*, 726 F.3d at 88-90 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Bare allegations that a plaintiff was not paid for overtime hours worked or allegations that a plaintiff "typically" or "regularly" worked more than 40 hours a week "invite[] speculation [but] does not amount to a plausible claim under FLSA."  *Lundy*, 711 F.3d at 114; *see also Nakahata*, 723 F.3d at 201 (holding that allegations of uncompensated work were insufficient to state a plausible FLSA claim).

Here, Plaintiff's allegations have even less specificity than those at issue in *Lundy*.  Plaintiff does not allege what her usual shift was, nor does she provide any detail whatsoever

about the length and frequency of any uncompensated work.   At best, Plaintiff alleges vaguely that she "regularly" worked more than forty hours a week without receiving overtime compensation.  (Compl. ¶ 40; Rainboth-Venditti Decl. ¶ 16; *see also* Dayberry Decl. ¶ 16.)  The Second Circuit has established that such vague allegations do not state a plausible claim for relief.   Because Plaintiff has not alleged a viable FLSA overtime claim, her request for conditional certification of a collective action should be denied.

### B.      Plaintiff's Motion Should Be Denied Because her Allegations Fail to State a Plausible FLSA Minimum Wage Claim

Plaintiff's allegations are insufficient to establish that she did not receive minimum wage with respect to any hours that she worked.  Plaintiff was paid $14 per hour, nearly double the amount of the federal minimum wage.  (Compl. ¶¶ 25-26; Rainboth Decl. ¶ 7.)  To plausibly allege a minimum wage violation, Plaintiff was required to allege <u>facts</u> demonstrating that, due to off-the-clock work and/or unreimbursed or under-reimbursed expenses, her average wages fell below $7.25 an hour in any given workweek.  Plaintiff alleges no such facts in either the Complaint or her declaration, nor can such facts be inferred.

"For minimum-wage recovery under the FLSA, the pertinent question is whether the amount of compensation received by an employee results in a straight-time hourly rate that is less than the applicable federal minimum wage."  *Gregory v. Stewart's Shops Corp.*, 7:14–cv–00033 (TJM/ATB), 2015 WL 893058, at *3 (N.D.N.Y. Mar. 2, 2015) (internal quotation marks and citation omitted).  To state a minimum wage claim, a plaintiff must "allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Id.*; *see also Lundy*, 711 F.3d at 115 (2d Cir. 2013) ("An employee cannot state a claim for a minimum wage violation 'unless his average hourly wage falls below the federal minimum wage.'").  In addition, where, as here, a plaintiff's minimum

wage claim is based on allegations that her employer's refusal to reimburse her for work-related expenses caused her pay to fall below the minimum wage, she must supply specific allegations as to the amount and nature of work-related expenses incurred.  *See, e.g., Mumin v. Uber Techs., Inc.*, 1:15-cv-06143, 2017 WL 934703, at *17 (E.D.N.Y. 2017) (holding minimum wage claim not sufficiently stated where plaintiff alleged weekly schedule and wages, but failed to allege with specificity the amount of work-related expenses he incurred—alleging only that he paid "hundreds of dollars each week" in unpaid work-related expenses).

Here, Plaintiff alleges that she earned $14 per hour, but has failed to allege her normal schedule or working hours, the amount of purported "off-the-clock" work she performed, or the amount of her unreimbursed expenses.  Without this information, it is impossible to perform the "simple arithmetical calculation" required to determine whether Plaintiff was ever paid below the minimum wage during any particular week.  Moreover, given that Plaintiff's hourly wage at $14 was nearly double the federal minimum wage, Plaintiff's allegations fail to give rise to a reasonable inference that NRS's alleged failure to compensate her for any purported expenses and off-the-clock work caused Plaintiff's hourly wage to fall below $7.25 an hour.  Indeed, there are no allegations suggesting that any off-the-clock work or expenses were anything more than *de minimis*.  Rather than pleading necessary facts, Plaintiff conclusorily asserts that she "regularly" worked more than forty hours per week (Compl. ¶ 4; Rainboth-Venditti Decl. ¶ 16; *see also* Dayberry Decl. ¶ 16), and that off-the-clock work and unreimbursed expenses caused her pay to fall below the minimum wage "in some or all workweeks" (Compl., ¶ 68).  Such conclusory allegations are insufficient to state a plausible minimum wage violation.  Plaintiff has failed to meet the pleading standards applicable to FLSA claims, and therefore this Court should deny Plaintiff's motion to conditionally certify a collective action.

## II.  PLAINTIFF HAS NOT MET HER BURDEN OF SHOWING THAT SHE AND OTHER NRS EMPLOYEES ARE SIMILARLY SITUATED

Even assuming Plaintiff's allegations sufficiently set forth a plausible FLSA claim, the motion should be denied because Plaintiff has not met her burden of showing that she and other NRS employees "together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010).   The Complaint and declarations submitted in support of the motion consist of nothing more than "unsupported assertions," which are insufficient as a matter of law.  *Id.*

### A.  Applicable Legal Standard

The Second Circuit has endorsed a two-step framework for determining whether an action should be certified as an FLSA collective action.  *See Myers*, 624 F.3d at 554; *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2015).  At the first step, district courts have discretion, in appropriate cases, to authorize "a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law."  *Glatt*, 811 F.3d at 540; *Myers*, 624 F.3d at 554.  "At step two, with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs."  *Glatt*, 811 F.3d at 540.

While plaintiffs face a relatively lenient evidentiary burden at the first step, the burden "is not non-existent." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 694 (N.D.N.Y. 2015). "Although the standard which governs plaintiff's application is lax, and their burden modest, a court must nonetheless take a measured approach when addressing a request for collective action certification, mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs." *Colozzi v. St. Joseph's Hosp. Health*

*Ctr.*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009).  In order to establish that other employees are similarly situated, plaintiffs must provide substantial allegations of a "factual nexus which binds the named plaintiffs and potential [collective] members together *as victims of a particular alleged discrimination*."  *Id.* (internal quotation marks omitted, emphasis in original).

As the Second Circuit has explained, a plaintiff's "modest factual showing cannot be satisfied simply by unsupported assertions."  *Myers*, 624 F.3d at 555 (internal quotation marks and citation omitted).  Likewise, generalized allegations made on "information and belief" that FLSA violations were "widespread" will not suffice.  *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 459 (E.D.N.Y. 2014) (allegations that an employer's pay practices were "widespread" insufficient to support conditional certification).  Rather, a plaintiff must offer something of "evidentiary value" to demonstrate that similarly situated employees exist, and if a plaintiff fails to meet this minimal requirement, her motion for conditional certification must be denied.  *See Morales v. Plantworks, Inc.*, 1:05-cv-02349, 2006 WL 278154, at *2-3 (S.D.N.Y. Feb. 1, 2006) (denying conditional certification where motion was supported only by conclusory allegations).

### B.      Under Second Circuit Law, Plaintiff's Unsupported Assertions Are Insufficient

Plaintiff has failed to make even a minimal showing that she and other merchandisers were victims of a common policy or plan that violated the law.  The declarations submitted by Plaintiff contain vague, conclusory and unsupported boilerplate that all merchandisers were subject to the same "policies, practices and/or procedures" that resulted in minimum wage and overtime violations.  However, the declarations provide no factual basis whatsoever for this conclusory allegation.  Plaintiff's "proof" boils down to the following:

> During my employment with NRS, to the best of my knowledge, all of NRS' Merchandisers had similar experiences working for NRS and were subject to the same reimbursement policy, incurred similar expenses, received similarly deficient reimbursements, , [sic] completed store visits of similar distances and

similar frequencies, were subject to the same time recording policy, and were paid similar hourly wages.

During my employment with NRS, NRS' policies, practices and procedures resulted in NRS' failure to pay merchandisers and others with similar job titles, duties and compensation structures minimum wages, straight time, and overtime premiums for hours worked in excess of forty in a workweek.

(Rainboth-Venditti Decl. ¶¶ 22, 23; *accord* Dayberry Decl. ¶¶ 22, 23; *see also* Compl. ¶ 41

("Based on information and belief, all of NRS's Merchandisers had experiences similar to those

of Plaintiff.").)   However, nowhere do the declarants explain the basis for their alleged

knowledge or belief.

As a threshold matter, it is important to note that declarants do not explain whether the

alleged "policies, practices and/or procedures" that purportedly resulted in minimum wage and

overtime violations were formal or *de facto*.   Indeed, most if not all the alleged "policies,

practices and/or procedures" they allege with specificity comply with the law.   Declarants also

fail to allege how the alleged "policies, practices and/or procedures" were communicated to them

and by whom.   While Declarants repeatedly allege that they were "required" to do certain things,

they fail to explain how such requirements were imposed or enforced.   Declarants do not allege a

single communication by NRS officers or managers requiring them to work off-the-clock or

refusing to reimburse them for work performed or expenses incurred.   Nor do they allege that

they ever complained to anyone about the alleged "policies, practices and/or procedures" that

resulted in minimum wage or overtime violations.   They plead no facts from which it may be

inferred that the alleged "policies, practices and/or procedures" were uniformly applied

nationwide.   One is left only to speculate whether the alleged "policies, practices and/or

procedures" were unique to the declarants, their managers, certain geographic locations, or

otherwise.

As discussed above, in order to establish a minimum wage violation, Plaintiff must allege, with sufficient factual detail, that any purported off-the-clock work and NRS's reimbursement policies resulted in the merchandiser receiving less than minimum wage in any given week. Plaintiff does not allege even generally the hourly rates of other merchandisers, the hours worked by other merchandisers, or the amount of uncompensated work or unreimbursed expenses of other merchandisers. Nor do declarants provide any basis to infer that they were privy to such facts concerning other merchandisers, particularly those located in other states.

Similarly, in order to establish a minimum wage violation, Plaintiff must allege, with sufficient factual detail, her usual shifts and the length and frequency of any uncompensated work. Declarants do not allege the usual shifts of other merchandisers, the length and frequency of any uncompensated work by other merchandisers, or any basis to infer that they were privy to such facts concerning other merchandisers. Significantly, declarants do not allege that they worked with, observed, or spoke to other merchandisers regarding their experiences. Nor can any such interactions be inferred, since merchandisers did not work with other merchandisers.

In sum, declarants provide no factual basis for their conclusory assertions of similarly situated employees. Courts routinely find that such unsupported allegations are insufficient to justify conditional certification of a collective action. *See, e.g., Balderramo v. Go N.Y. Tours Inc.*, 1:15-cv-02326, 2017 WL 2819863, at *8 (S.D.N.Y. Jun. 28, 2017) (denying conditional certification motion where affiant alleged that other tour guides were not paid overtime, but did "not identify any other tour guides by name" or "claim to have personal knowledge – through conversations or observations – that other tour guides were not adequately paid"); *Hypolite v. Health Care Servs. of N.Y. Inc.*, 1:16–cv–04922, 2017 WL 2712947, at *8 (S.D.N.Y. Jun. 23, 2017) (rejecting as insufficient home health aide plaintiff's declaration and complaint which

"offer[ed] no nonspeculative basis to assess the defendants' compensation practices with respect to any other home health aide"); *Boice*, 130 F. Supp. 3d at 696 (allegations of similarly situated employees was insufficient where plaintiff failed to explain how he was aware that employees at other locations were subject to same policy); *Sanchez v. JMP Ventures, L.L.C.*, 1:13-cv-07264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (rejecting as insufficient "a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint"); *Fernandez v. Wells Fargo Bank, N.A.*, 1:12-cv-07193, 2013 WL 4540521, at *17 (S.D.N.Y. Aug. 28, 2013) (denying motion for conditional certification where plaintiffs submitted "no communication that might support a formal or *de facto* compensation policy to deny overtime pay" and their declarations "omit[ted] key details concerning the identities of speakers and participants, and even approximate dates, when instructions allegedly were issued concerning off-the-clock work and denial of overtime."); *Zheng v. Good Fortune Supermarket Group (USA), Inc.*, 1:13-cv-00060, 2013 WL 5132023, at *5 (E.D.N.Y. Sept. 12, 2013) (denying motion for conditional certification where plaintiff neither identified allegedly similar employees nor explained the basis for her observations); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 444 (S.D.N.Y. 2012) ("[Plaintiff's] claim of company-wide policies is based on allegations made on 'information and belief' and not on his personal knowledge. Without more, [plaintiff] has not satisfied his burden to show that a nationwide collective action is appropriate."); *Vasquez v. Vitamin Shoppe Indus. Inc.*, 1:10-cv-8820, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011) (denying conditional certification where plaintiff's submission was "based entirely on his personal experience," and lacked any evidence from which one could infer a nationwide collective of similarly situated employees).

Even where a plaintiff states that her allegations are based on observation of or conversations with other similarly situated individuals, she must provide specific factual detail regarding such observations or conversations beyond simply alleging that such conversation or observation took place. *See, e.g., Boice*, 130 F. Supp. 3d at 696-97 (motion for conditional certification denied where plaintiff failed to provide any detail regarding conversations he allegedly had with co-workers); *Gu v. T.C. Chikurin, Inc.*, 1:13-cv-2322, 2014 WL 1515877, at *3-4 (E.D.N.Y. Apr. 17, 2014) ("[W]here plaintiffs fail to provide specific factual allegations [regarding similarly situated employees] courts routinely deny leave to send a collective action notice.") (collecting cases); *Sanchez*, 2014 WL 465542, at *2 (denying conditional collective action certification where plaintiff alleged that the "policies to which he was subjected . . . were the 'common practice'" at all defendants' restaurants based "on 'observations' and 'conversations' with other employees" but failed "to provide any detail as to a single such observation or conversation"); *Zhang v. Bally Produce, Inc.*, 1:12-cv-1045, 2013 WL 1729274, at *4 (E.D.N.Y. Apr. 22, 2013) (refusing to conditionally certify a collective action where "plaintiff [wa]s unwilling (or unable) to offer any evidence that other [employees] had similar duties and responsibilities as plaintiff"). Here, neither Plaintiff nor Dayberry alleges *any* conversations with, or observations of, similarly situated merchandisers, let alone specific factual details concerning the wages, hours worked or experiences of any of the hundreds of other merchandisers previously employed by NRS.

Highlighting the lack of evidentiary support for the motion, Plaintiff also submitted in support of her motion the declaration of Mr. Redenburg, Plaintiff's attorney. But Mr. Redenburg does not purport to have any personal knowledge regarding the allegations of the Complaint. Mr. Redenberg's assertions concerning where the opt-in plaintiffs have worked and how they

might testify are unsupported hearsay and must be rejected by the Court.  *See, e.g., Boice*, 130 F. Supp. 3d at 686-87 (cautioning plaintiff's counsel that any declaration submitted in support of motion for conditional certification must be based on declarant's personal knowledge).

"The notice and opt-in process outlined by the FLSA is not a discovery device to determine whether conditional certification is appropriate."  *Sanchez*, 2014 WL 465542, at *2. Nor should the Court permit it to be used as leverage to exact a settlement early in a case that has no merit.  Plaintiff has not provided the Court with anything other than conclusory allegations, vague testimony, and uncorroborated statements from her counsel to support her claim that similarly situated merchandisers exist.  Second Circuit case law is clear that this type of thin and conclusory support cannot justify conditional certification of a collective action.  Although "the bar for conditional certification of a collective action under the FLSA is low, it is not this low." *Sanchez*, 2014 WL 465542, at *1.  Plaintiff's motion should be denied.

## III.   IN THE EVENT THE COURT AUTHORIZES NOTICE, THE COURT SHOULD REJECT PLAINTIFF'S "CLASS NOTICE"

Notwithstanding Plaintiff's insistence that her motion is "**not** a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure" (Pl's Mem. at 8 (emphasis in original)), the notice Plaintiff proposes is "modeled" on a template notice to putative class members in a Rule 23 class action lawsuit, (*id.* at 27).  As such, Plaintiff's proposed notice repeatedly and incorrectly refers to certification of a "class," and includes information that is irrelevant and inappropriate in the context of a collective action.  (*See generally,* Proposed Notice, Dkt. No. 51-5.)  Indeed, the notice's answer to the "What is a collective action and who is involved?" is based on the definition of a class action and entirely inaccurate.  (*Id.* at 3.)  The notice's discussion of the employees' "Rights and Options" is misleading at best and downplays the obligations of any opt-in plaintiff.  (*Id.* at 6.)  The notice

16

fails to state that the Court will later determine whether the case should continue to proceed as a collective action.  Plaintiff's proposed opt-in period of 120 days, (Pl's Mem. at 26), is excessive and unsupported.  Plaintiff's proposed "Consent to Join" is similarly premised on a class action notice, and inappropriately gives the "class representative" the ability to make decisions on his or her behalf concerning attorney's fees.  (Dkt. No. 51-5, at 8.)  Moreover, the proposed "Consent to Join" fails to require the merchandiser to affirmatively state that he or she did not receive minimum or overtime wages during the relevant period.  (*Id.*)

For all these reasons, in the event that this Court determines that notice of a collective action should be issued, Plaintiff's proposed notice should be rejected.  NRS proposes that, while any notice is inappropriate at this juncture, if notice is issued it should be in the form approved by this Court in *Boice v. M+W U.S., Inc.*, 1:14-cv-0505 (GTS/CFH), 2016 U.S. Dist. LEXIS 122408, at *34-40, (N.D.N.Y. Sep. 7, 2016), *adopted by*, 2016 WL 5390337 (N.D.N.Y. Sep. 27, 2016), revised only to reflect the caption and parties in the case, Plaintiff's counsel, and the parties' claims and defenses.

Additionally, notice to all merchandisers employed by NRS <u>nationwide</u> is inappropriate. As discussed above, Plaintiff has failed to make even the "modest factual showing" that merchandisers <u>across the county</u> were "victims of a common policy or plan that violated the law."  *Myers*, 624 F.3d at 554.  Should the Court determine that Plaintiff has somehow met her burden of establishing that similarly situated employees exist, notice should be strictly limited to merchandisers who were assigned to the same retail stores, and/or reported to the same managers as Plaintiff and Dayberry.  *See, e.g., Colozzi*, 595 F. Supp. 2d at 209 (noting that "the court retains the discretion to reformulate the proposed definition" given by the plaintiff and narrowing the proposed collective in terms of title and location); *Trinidad*, 962 F. Supp. 2d at 559-60

(where plaintiffs failed to establish uniform policy across thirty-three locations, reducing scope of notice to six locations); *McGlone*, 867 F. Supp. at 444-45 (collecting cases where courts denied nationwide certification where plaintiffs did not show that all members of the proposed collective were similarly situated).

Further, the Court should reject Plaintiff's contention that notice should be provided to all merchandisers employed by NRS "within <u>three years</u> from the date of certification to the present." (Motion at 1 (emphasis added); Pl's Mem. at 10 (defining "class" as including all merchandisers employed by NRS "at any time within the preceding three-year period"); *id.* at 26-27 (requesting order authorizing notice to "all members of the putative class").)   Plaintiff correctly surmised that NRS would object to a three-year notice period.   (Pl's Mem. at 27.) Plaintiff maintains that the notice cover three years from date of certification because "Plaintiffs currently allege that Defendant willfully violated the FLSA."   (*Id.* at 26.)   However, Plaintiff's declaration as well as that submitted by Dayberry is devoid of any allegations, conclusory or otherwise, that NRS willfully, purposefully, knowingly, recklessly or even negligently violated the FLSA.   Moreover, those declarations do not contain any facts from which it may be inferred that NRS knew or recklessly disregarded that its policies resulted in FLSA violations.   Similarly, the Complaint's allegations of willfulness consist of nothing more than "'naked assertions' devoid of 'further factual enhancement'" and "'a formulaic recitation'" of a claim for the willful violation of FLSA.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544, 555, 557)); *accord Lundy*, 711 F.3d at 114.   Plaintiff has not pleaded a plausible claim for the willful violation of FLSA.   Accordingly, if notice is authorized, it should be provided only to similarly situated merchandisers employed by NRS within two years from the date of certification.

## IV.    PLAINTIFF'S OTHER REQUESTS FOR RELIEF SHOULD BE DENIED

In her motion, Plaintiff not only seeks an order authorizing notice to merchandisers, she also seeks (1) an order requiring NRS to provide Plaintiff with a list of merchandisers on an expedited basis; (2) an order requiring NRS to post any Court-authorized notice in "conspicuous locations where it employs its Merchandisers;" (3) an order tolling the statute of limitations from the date Plaintiff filed the instant motion until the close of the opt-in period; (4) an order designating Plaintiff and Dayberry as "class representatives"; and (5) an order approving Plaintiff's counsel as "class counsel."  (Motion, Dkt. No. 51.)  All of these ancillary requests should be denied.

First, in connection with ongoing discovery in this case, Plaintiff has requested, and NRS has agreed to produce, a list of all full-time merchandisers employed by NRS from 2013 until NRS stopped employing merchandisers in 2016.  Accordingly, Plaintiff will have sufficient information to send any authorized notice by the time the instant motion is decided.

Second, the request for an order requiring NRS to post notice where it employs merchandisers makes no sense.  Merchandisers work at retail stores owned by other entities (*e.g.*, Lowes), and only a single merchandiser is assigned to each store.  Moreover, as previously mentioned, NRS no longer employs merchandisers.

Third, the statute of limitations should not be equitably tolled.  This Court may permit equitable tolling "as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights."  *Iavorski v. United States I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000) (internal quotation marks, alteration and citation omitted).  Equitable tolling is permitted only when the requesting party establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. U.S.*, 136 S.Ct. 750, 755 (2016) (quoting *Holland v. Florida*,

560 U.S. 631 (2010)).  Here, Plaintiff provides no facts or legal argument in support of equitable tolling, and has identified no extraordinary circumstances existing in this case.  Nor can it be said that Plaintiff has been diligently pursuing her rights, since for nearly one year after filing the Complaint, Plaintiff fought NRS's motion to set aside entry of default – even though the default was entered upon a false affidavit of service and her defense of the motion was frivolous.  Moreover, Plaintiff waited nearly three months after the Court's decision on NRS's motion to set aside the entry of default to file the instant motion.

Finally, Plaintiff's requests that she and Dayberry be appointed "class representatives" and that her counsel be appointed "class counsel" is nonsensical.  As Plaintiff emphasizes in her memorandum, her motion "is **not** a motion for class certification" (Pl's Mem. at 8), and Plaintiff cites no authority for the appointment of class representatives and counsel of a collective action at this juncture of the litigation, if at all.

## CONCLUSION

For the foregoing reasons, NRS respectfully requests that Plaintiff's "Second Motion for Conditional Class Certification of Class Claims under § 216(b) of the FLSA" be denied in its entirety without prejudice to renewal, along with such other and further relief as the Court deems appropriate.

Dated:   July 17, 2017
         Albany, New York

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By:   _/s/ Cynthia E. Neidl_____
        Cynthia E. Neidl
        54 State Street, 6th Floor
        Albany, New York 12207
        Tel: 518.689.1435
        Fax: 518.689.1499
        E-mail:   neidlc@gtlaw.com

*Attorneys for Defendant*
*National Retail Solutions, Inc.*

*NJ 230437106v3*

21