UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MICHELLE RAINBOTH-VENDITTI
  On behalf of herself and all others
  similarly situated ,

                Plaintiffs,

  v.                                                      6:16-CV-137 (ATB)

NATIONAL RETAIL SOLUTIONS, INC.,

                Defendant.

_____

MATTHEW E. OSMAN, ESQ. and  MICHAEL J. REDENBURG, Esq., for Plaintiffs
CYNTHIA E. NEIDL, ESQ., for Defendant

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## ORDER AND JUDGMENT

      Currently before the court is Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement (Dkt. No. 78).[1]  The court has reviewed and considered the proposed Settlement Agreement and Release (Dkt. No. 78-3), the proposed Notice of Settlement of Collective Action (Dkt. No. 78-4), the Affirmations of Plaintiffs' attorneys (Dkt. Nos. 78-2, 78-7), and the other submissions in support of the motion.  The court, in its discretion, will modestly reduce the award of attorneys' fees and the General Release Payment[2] to the Named Plaintiff and Opt-In Plaintiffs listed below, in favor of increasing the Net Settlement Fund

---

[1] On January 29, 2018, the case was referred to me, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, by U.S. District Judge Mae A. D'Agostino, to conduct all proceedings and order the entry of final judgment, with the consent of all parties.  (Dkt. No. 77)

[2] This Order and Judgment uses various terms defined in the Settlement Agreement, and the court will adopt the definitions in that Agreement.

available for distribution to the Collective Action Members, which would correspondingly increase the dollar payment for each week worked by the Collective Action Members who timely file a claim and release.³  With those modifications, the court finds that the proposed FLSA settlement is "fair and reasonable" and that the award of attorneys' fees is reasonable, for the reasons stated in Plaintiffs' Memorandum of Law (at pp. 10-26, Dkt. No. 78-1), and after careful consideration of the relevant factors applied in the Circuit to review  Fair Labor Standards Act ("FLSA") settlements.  *See, e.g., Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. March 30, 2015) (cited with apparent approval in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)).⁴

---

³ Any modification, by the court, of the amount of attorneys' fees awarded or General Release Payments allowed, shall not constitute grounds for cancellation, termination, or other modification of the Settlement Agreement. (Settlement Agreement ¶¶ 7.2, 8.4).  Any reduction in those awards or payments shall correspondingly increase the Net Settlement Fund.  (*Id.*).

⁴ The court finds, based on the Plaintiffs' Memorandum of Law at pp. 10-12, 18-19, 21 and 23-24, that the settlement reflects a reasonable compromise, negotiated at arm's length between skilled and experienced counsel, in a context where both parties faced significant litigation risks with respect to hotly contested factual and legal issues.  The court further finds, for the reasons stated in Plaintiffs' Memorandum of Law at pp. 12-14, that the modified Service Awards and General Release Payments allocated to the Named Plaintiff and listed Opt-In Plaintiffs fairly reflect the value of their efforts and contributions to the litigation, and the fact that they will execute a General Release of individual claims broader than the Limited Release to be executed by other Collective Action Members.  The court finds that the attorneys' fees awarded by the court, which further reduced the fee requests of plaintiffs' counsel (who already "wrote off" considerable attorney time devoted to the case), are consistent with the fee agreement between the Named Plaintiff and her counsel and are reasonable, for the reasons stated in Plaintiffs' Memorandum of Law at pp. 14-24.  Finally, the court finds that the proposed settlement does not raise the types of public policy concerns discussed in cases in this Circuit, such as *Lopez v. Nights of Cabiria.*, 96 F. Supp. 3d at 177-82.  The defendant has not insisted on confidentiality with respect to the terms of the settlement; employees who did not opt-in to the FLSA collective originally are being provided another opportunity to submit a claim and receive compensation; the only parties who will provide a broader general release are the Named and Opt-In Plaintiffs, who have chosen to do so in return for additional compensation; and the award of attorneys' fees is reasonable and not disproportionate to counsels' contributions to the case.

**WHEREFORE**, It is hereby **ORDERED** that,

1. The proposed Settlement Agreement and Release (Dkt. No. 78-3) is, with the modifications noted herein with respect to the allocation of the Gross Settlement Fund of $230,000.00, **APPROVED**;

2. The case is certified as a collective action under the FLSA, for purposes of settlement only;

3. The proposed Notice of Settlement and Claim Form (Dkt. No. 78-4) is, with the modifications relating to the allocation of the Gross Settlement Fund stated in this order, **APPROVED**, and the parties are directed to distribute it to all Collective Action Members within 30 days of the Order;

4. A Service Award of $1,500.00 and a General Release Payment of $3,000.00[5] to Named Plaintiff and Pre-Settlement Opt-In Plaintiffs Randi Dayberry, Edward Wilson, Scott Manuel, Pascalle Abel, Brian Marshall, and Clay Postlewaite for their services to the collective and their execution of a General Release with respect to their individual claims, is **APPROVED, AS MODIFIED**;

5. Plaintiffs' counsels' attorneys' fees in the amount of $104,000.00[6] are **APPROVED, AS MODIFIED**;

6. Plaintiffs' counsels' requested out-of-pocket costs and expenses in the amount

---

[5] The Settlement Agreement, as presented, proposed a $3,500.00 General Release Payment for each of the listed Named or Opt-In Plaintiffs.

[6] Plaintiffs' counsel requested attorneys' fees of $114,000.00.

of $6,000.00 are reasonable, and are **APPROVED**.[7]

7.     The pending motions in this case (Dkt. Nos. 51, 58, and 59) may, in light of the parties' agreement to withdraw those motions upon approval of the proposed settlement, be **TERMINATED AS MOOT**.

8.     The case is **DISMISSED WITH PREJUDICE**, except that this court shall retain jurisdiction to enforce the Settlement Agreement.  *See Henrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015).

9.     The Clerk is directed to close this action pursuant to this Order and Judgment.

**Dated: February 6, 2018**

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[7] Pursuant to the court's order, the $230,000 Gross Settlement Fund would be allocated as follows:  $31,5000 for the Service Awards and General Release Payments to the Named Plaintiff and six Opt-In Plaintiffs named in paragraph 4; $104,000 in attorneys' fees; $6,000 in counsels' out-of-pocket costs and expenses; and $88,5000 for the Net Settlement Fund available for distribution to the Collective Action Members, which would correspondingly increase, to $27.03 for each week worked, the payment to the Collective Action Members who timely file a claim and release.